IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MYERS CONTROLLED POWER, LLC, | ) | CASE NO. 5:08-CV-02516 |
| | ) | |
| Plaintiff, | ) | JUDGE DOWD |
| v. | ) | |
| | ) | |
| DAILY EXPRESS, INC. et al., | ) | MAGISTRATE JUDGE PEARSON |
| | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM AND ORDER** |

On January 16, 2009, Plaintiff filed a motion seeking leave to amend its Complaint to

include "an additional cause of action based upon 49 U.S.C. § 14704(a)(2)." ECF No. 25.

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave

[to amend a complaint] when justice so requires."  The right to amend is not absolute or

automatic.  *Tucker v. Middleburg -Legacy Place,* 539 F.3d 545, 551 (6th Cir.2008); *Sinay v.*

*Lamson & Sessions Co.,* 948 F.2d 1037, 1041 (6th Cir.1991)  In determining whether to grant a

motion to amend under Rule 15(a), this Court has held that a number of factors should be

considered, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by

the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice

to the opposing party, and futility of amendment . . . ." *Wade v. Knoxville Utilities Bd.,* 259 F.3d

452, 458 (6th Cir.2001); *see also Coe v. Bell,* 161 F.3d 320, 341 (6th Cir.1998); *Head v. Jellico*

*Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir.1989).

Plaintiff's motion to amend its Complaint is, hereby, granted.  Defendants are granted

leave until February 2, 2009, to supplement their pending motion to dismiss in response to

Plaintiff's amended complaint.  *See* ECF No. 2.  Plaintiff's are granted leave to supplement their

opposition to Defendants' motion to dismiss by February 9, 2009.  *See* ECF No. 7.

IT IS SO ORDERED.

Date: January 20, 2009                                    /s/ Benita Y. Pearson
                                                         United States Magistrate Judge