IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MYERS CONTROLLED POWER, LLC | ) | CASE NO. 5:08-CV-02516 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DAILY EXPRESS, INC. et al., | ) | MAGISTRATE JUDGE PEARSON |
| | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

### Introduction

Before the Court is Daily Express, Inc. and Daily Underwriters of America, Inc.'s (collectively "Defendants") Motion to Dismiss and Supplemental Memorandum in Support, ECF Nos. 2 and 28, and the initial and supplemental Responses in Opposition of Myers Controlled Power, LLC ("Plaintiff"), ECF Nos. 7 and 29.

In accordance with applicable law, the Court denies the Motion to Dismiss.

### I. Factual and Procedural History

This case was originally filed in the Stark County Court of Common Pleas alleging a state law claim of tortious bad faith resulting from with damage to Plaintiff's cargo transported by Defendants from Ohio to Illinois. Plaintiff seeks an award of compensatory and punitive damages "against Defendants Daily Express, Inc. and Daily Underwriters of America, Inc., in an amount to be proven at trial in excess of Twenty-Five Thousand Dollars ($25,000.00), together with Plaintiff's costs, attorney fees, and such other relief as

this Court deems just, equitable, and proper." ECF No. 1, Ex. A at 7.

Defendants removed the case to federal court on the basis of diversity jurisdiction and on the ground that Plaintiff's claim presents a federal question necessitating the interpretation of federal regulations, including Defendants' "certain obligations pursuant to 49 C.F.R § 370.1 through § 370.11 to promptly acknowledge, investigate, and dispose of Plaintiff's cargo claims." ECF No. 1, Ex. A at 4.

On October 24, 2008, Defendants filed a motion to dismiss, stating that Plaintiff's claim is "fully pre-empted by the Carmack Amendment, 49 U.S.C. § 14706." ECF No. 2 at 1. On November 7, 2008, Plaintiff filed an opposition claiming the case at bar relies only upon "federal regulations governing the processing of claims" and that Plaintiff's Carmack Amendment claim is pending in a separate action designated as Case No. 5:08-CV-02222 (Magistrate Judge Limbert) (emphasis original).[1] ECF No. 7 at 1-2.

Two weeks later, Plaintiff filed a motion to remand this matter to state court claiming that Defendants failed to establish an amount in controversy exceeding $75,000 as required under 28 U.S.C. § 1332(a) and that the claim asserted does not involve a substantial question or interpretation of federal law under 28 U.S.C. § 1337; ECF No. 8 at 3-5. Defendants' response in opposition asserted that the amount in controversy clearly exceeds $75,000 and that the claim asserted inextricably requires interpretation of federal statutes. ECF No. 13. This Court denied Plaintiff's motion to remand on December 30, 2008 finding diversity jurisdiction and federal question jurisdiction exists. ECF No. 24.

---

[1] Four days before the instant case was filed in state court, Plaintiff filed the companion Carmack Amendment case in federal court, on September 18, 2008. The companion case is pending on the docket of Magistrate Judge Limbert, Case No. 5:08-CV-02222.

2

Subsequently, Plaintiff amended its Complaint on January 20, 2009. ECF No. 27. In Count I of the Amended Complaint, Plaintiff alleges a state law tortious bad faith claim based on 49 C.F.R. § 370.1 through § 370.11. ECF No. 27 at 4. In Count II of the Amended Complaint, Plaintiff asserts a private cause of action pursuant to 49 U.S.C. § 14704 for an alleged violation of 49 C.F.R. § 370.1 through § 370.11. ECF No. 27 at 7.

On February 2, 2009, Defendants filed a supplemental memorandum in support of its motion to dismiss. ECF No. 28. Most recently, Plaintiff filed a supplemental response in opposition on February 9, 2009. ECF No. 29. Thus, the motion to dismiss has been briefed fully and is ripe for consideration.

## II. Law

A motion to dismiss under Federal Rule of Civil Procedure12(b)(6) allows a defendant to test the legal sufficiency of complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir.2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir.2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). That is, "[f]actual allegations must

3

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S.Ct. at 1974.

On a motion pursuant to Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

It is with this standard in mind that the Court rules upon Defendants' Motion to Dismiss.

### III. Discussion

When ruling upon Defendants' Motion to Dismiss, the Court must hold true to the purpose of such a motion which is to test the legal sufficiency of Amended Complaint. In the instant case, a review of the record demonstrates that Plaintiff's factual allegations are sufficient to raise a "right to relief beyond the speculative level" and assert plausible claims. The Court finds that, upon review of the Amended Complaint in the light most favorable to Plaintiff, Plaintiff has set forth sufficient allegations to state causes of action in Counts I and II of the Amended Complaint. To rule out Plaintiff's claims at this early stage of litigation would be premature. Therefore, Defendants' Motion to Dismiss is denied

without prejudice to raise these issues in a motion for summary judgment.[2]

    IT IS SO ORDERED.


Date: February 12, 2009                        /s/ Benita Y. Pearson
                                                              United States Magistrate Judge

---

[2] During a conference with the Court, the possible consolidation of this matter with that pending on the docket of Magistrate Judge Limbert, Case No. 5:08-CV-02222, was briefly discussed. Should the parties pursue consolidation, the Court asks that (if at all possible) they act prior to February 18, 2009, the date on which the Court will issue its modified Case Management Conference Scheduling Order and set the date for the next Status Conference. *See* ECF No. 23.